U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 17, 2020

MEMO ENDORSED

The Government's motion for a protective order is granted. The parties are directed to submit a fully executed proposed protective order by September 25, 2020.

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge

September 23, 2020

**By ECF**
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *United States v. Joanna DeJesus, et al.*, 20 Cr. 397 (PGG)

Dear Judge Gardephe:

The Government respectfully submits this letter reply in support of its motion to enter a proposed protective order (the "Government's Proposed Protective Order"). Since the Court's conference on August 28, 2020, the parties have worked to reach a compromise on a proposed protective order for the Court's consideration. However, the parties have been unable to reach an agreement with respect to the two paragraphs described as follows.

First, the Government requests that Paragraph 3 include the following sentence:

"The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below."

As defined in Paragraph 2, Confidential Material includes (i) information that "affects the privacy interests of individuals and/or exposes sensitive personal information" and/or (ii) information that, if disclosed, would impede the Government's ongoing investigation. In this case, the Government anticipates that the Confidential Material will include, among other items, video surveillance depicting uncharged individuals as well as financial records and telephone records associated with both third parties and uncharged individuals. Because improper disclosure may both affect third party privacy interests and seriously undermine the Government's ongoing investigation, this sentence is necessary to provide clarification to the parties about where and to whom Confidential Material may be disclosed. The requested sentence in Paragraph 3 ensures that all individuals who receive Confidential Material, including prospective witnesses who may be unfamiliar with procedures governing the case, are aware of the restrictions placed on the disclosure of Confidential Material. Moreover, the requested sentence does not provide any additional undue burden on the defendants. If either party determines that further disclosure of Confidential Material is warranted to others not expressly identified in Paragraph 4, that same paragraph

provides various mechanisms for doing so, such as by court authorization or written approval by the Government absent court authorization.

      Second, and relatedly, the Government requests that Paragraph 9 read as follows:

> "The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons."

The last sentence of this paragraph is necessary to ensure that there is a complete and accurate record of individuals who have received Confidential Material and which Confidential Material they have received. Such a record is necessary to ensure the protection of Confidential Material, which, as explained above, if disclosed, could seriously impact the privacy interests of third parties and undermine the Government's investigation. In the last sentence, the defendants request the inclusion of the following bolded words: "Defense counsel shall **make reasonable efforts to** maintain a record of what Confidential Material has been disclosed to which such persons." In response, as an initial matter, it should not be burdensome for defense counsel to keep a list of the individuals who receive Confidential Material and which Confidential Material they receive. Moreover, it is unclear to the Government what "reasonable efforts" would entail. Given the significant harm that could result if Confidential Material were improperly disclosed, the Government believes that it is necessary for there to be a clear record.

      For the reasons described above, the Government respectfully requests that the Court enter the Government's Proposed Protective Order.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: _____
Rebecca T. Dell
Assistant United States Attorney
Southern District of New York
(212) 637-2198

cc: Marne Lenox, Esq. (ECF)
    Carla Sanderson, Esq. (ECF)
    Jenna Dabbs, Esq. (ECF)

***

**S.D.N.Y. Local Criminal Rule 16.1 – Conference of Counsel**

    I, the undersigned, hereby affirm that Government counsel has conferred with defense counsel in a good faith effort to resolve by agreement the issues raised by this motion without the intervention of the Court and has been unable to reach agreement.

_____
Rebecca T. Dell
Assistant United States Attorney
(212) 637-2198

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Joanna DeJesus,
George Wilcox, and
Thomas Burton,

              *Defendants.*

**[Proposed] Protective Order**

**20 Cr. 397 (PGG)**

Upon the application of the United States of America, the Court hereby finds and orders as follows:

1. The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in a criminal case (the "Discovery Materials").

2. **Confidential Material.** Certain of the Discovery Materials may include material that the Government wishes to designate Confidential. The Government shall be entitled to produce Discovery Materials designated in whole or in part as "Confidential" when: (i) the Discovery Materials contain information that affects the privacy interests of individuals and/or exposes sensitive personal information; and/or (ii) disclosure of the Discovery Materials would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals (collectively, "Confidential Materials"). The Government shall produce Confidential Materials to the defendants or their counsel by either (1) designating specific Discovery Materials in whole or in part as "Confidential" in emails or other written communications to defense counsel; or (2) stamping the materials with a Bates or other label stating "Confidential."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Confidential Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

4. Confidential Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, including third party vendors;

(b) Prospective witnesses for purposes of defending this action.

(c) Any other individuals mutually agreed upon by the Government and the defense.

(d) Such other persons as hereafter may be authorized by the Court.

5. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

6. If there is a dispute between the parties concerning the Government's Confidential Material designation of certain discovery materials, the parties shall meet and confer without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this

2

Court. The Government shall bear the burden of establishing good cause for its Confidential Material designation of the disputed materials.

7. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material, including the seized ESI Confidential Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

10. This Order places no restriction on a defendant's use or disclosure of any material that was previously within the defendant's custody, control, or possession, or material that comes into the defendant's custody, control or possession through means other than production by the Government.

3

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
September __, 2020

_____
THE HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE