UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

        v.

Joanna DeJesus,
George Wilcox, and
Thomas Burton,

              *Defendants.*

**Protective Order**

**20 Cr. 397 (PGG)**

      Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

      1. The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in a criminal case (the "Discovery Materials").

      2. **Confidential Material.** Certain of the Discovery Materials may include material that the Government wishes to designate Confidential. The Government shall be entitled to produce Discovery Materials designated in whole or in part as "Confidential" when: (i) the Discovery Materials contain information that affects the privacy interests of individuals and/or exposes sensitive personal information; and/or (ii) disclosure of the Discovery Materials would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals (collectively, "Confidential Materials"). The Government shall produce Confidential Materials to the defendants or their counsel by either (1) designating specific Discovery Materials in whole or

in part as "Confidential" in emails or other written communications to defense counsel; or (2) stamping the materials with a Bates or other label stating "Confidential."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Confidential Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

4. Confidential Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, including third party vendors;

(b) Prospective witnesses for purposes of defending this action.

(c) Any other individuals mutually agreed upon by the Government and the defense.

(d) Such other persons as hereafter may be authorized by the Court.

5. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

6. If there is a dispute between the parties concerning the Government's Confidential Material designation of certain discovery materials, the parties shall meet and confer without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the

Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Confidential Material designation of the disputed materials.

7. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material, including the seized ESI Confidential Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

10. This Order places no restriction on a defendant's use or disclosure of any material that was previously within the defendant's custody, control, or possession, or material that comes into the defendant's custody, control or possession through means other than production by the Government.

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____  Date:  09/23/20
Rebecca T. Dell
Assistant United States Attorney

_____  Date:  September 24, 2020
Marne Lenox
Counsel for Joanna DeJesus

_____  Date:  09/24/20
Carla Sanderson
Counsel for George Wilcox

_____  Date:  9/24/20
Jenna Dabbs
Counsel for Thomas Burton

SO ORDERED:

Dated: New York, New York
       September 25, 2020

_____
THE HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

4