UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA

    - against -

THOMAS BURTON,

                          Defendant.

**ORDER**

20 Cr. 397 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On November 22, 2021, this Court sentenced Defendant Thomas Burton to 27 months' imprisonment in connection with his May 5, 2021 guilty plea to bank fraud, in violation of 18 U.S.C. § 1344.  (Nov. 22, 2021 Sent. Tr. (Dkt. No. 143) at 6, 19)

        On November 6, 2023, Burton filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines.  (Dkt. No. 161)

        On December 18, 2023, the Probation Department submitted a revised Presentence Report ("PSR") stating that Burton is not eligible for relief under Amendment 821. (Revised PSR (Dkt. No. 162) at 1-3)  In a July 1, 2024 submission, the Government states that it agrees with the Probation Department's analysis and conclusion that Burton is not eligible for relief under Amendment 821.  (Govt. Opp. (Dkt. No. 165) at 1-2)

        18 U.S.C. § 3582(c)(2) provides that,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission.

Id.; see also U.S.S.G. §1B1.10 ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. §3582(c)(2).")

Section 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 [of the Sentencing Guidelines] before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Dillon v. United States, 560 U.S. 817, 826 (2010). Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." See also U.S.S.G. §1B1.10 n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).").

Amendment 821 to the Sentencing Guidelines – which became effective on November 1, 2023, and which applies retroactively[1] – changes the calculation of criminal history points for defendants who commit the offense of conviction while "under any criminal justice

---

[1] See Amendment to the Sentencing Guidelines, United States Sentencing Commission (Aug. 31, 2024), available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf.

2

sentence," whether parole, probation, supervised release, or otherwise. Prior to the November 1, 2023 amendment, U.S.S.G. § 4A1.1(d) provided that courts should "[a]dd 2 [criminal history] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. §4A1.1(d) (2021 ed.). As a result of the November 1, 2023 amendment, Section 4A1.1(e) now provides that courts should "[a]dd 1 [criminal history] point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d) [of Section 4A1.1], and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. §4A1.1(e) (2023 ed.).

Burton contends that application of Amendment 821 to his offense of conviction results in a lower Guidelines range, rendering him eligible for a sentence reduction. (Def. Br. (Dkt. No. 162) at 1-2)

At sentencing, this Court found that Burton had 14 criminal history points, which correlates with Criminal History Category VI. (Nov. 22, 2021 Sent. Tr. (Dkt. No. 143) at 6-7) Twelve of Burton's criminal history points relate to his prior convictions. (Revised PSR (Dkt. No. 162) ¶¶ 83-84, 89-91) The two remaining criminal history points were imposed under the version of Section 4A1.1 in effect as of November 2021. Two criminal history points were imposed under that provision because Burton committed his bank fraud offense while on supervised release in connection with a 2014 conviction for felon-in-possession. (Id. ¶¶ 90-91) Under the revised Section 4A1.1(e), Burton would receive one criminal history point for committing his bank fraud offense while under a criminal justice sentence, because he has seven or more criminal history points based on his prior convictions. See U.S.S.G. §4A1.1(e) (2023

3

ed.). With thirteen criminal history points, Burton would remain in Criminal History Category VI. Accordingly, application of Amendment 821 results in no change to Burton's Guidelines range. (See Revised PSR (Dkt. No. 162) at 2) Because application of the revised Section 4A1.1(e) does not "lower[] the applicable guideline range" for Burton's offense of conviction, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. §1B1.10 n.1(A).

Accordingly, Burton's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 161).

Dated: New York, New York
November 8, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge